

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ALFRED DOMENICK WRIGHT, | § § § | |
| Petitioner, | § § | |
| vs. | § § | Civil Action No. 4:18-829-MGL-TER |
| DIRECTOR, LEXINGTON COUNTY DETENTION CENTER and U.S. PROBATION, | § § § § § | |
| Respondents. | § § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THE PETITION WITHOUT PREJUDICE

This action arises under 28 U.S.C. § 2241. Petitioner is proceeding pro se. This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Petition be dismissed without prejudice and without requiring Respondents to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate

Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on April 19, 2018. ECF No. 14. On May 2, 2018, the Clerk of Court entered Petitioner's objections to the Report (Petitioner's Memorandum). ECF No. 19.

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Report recommends the Court dismiss the Petition without prejudice and without requiring Respondents to file a return because Petitioner has failed to satisfy the savings clause of 28 U.S.C. § 2255(e). ECF No. 14. The Magistrate Judge notes several times in the Report Petitioner failed to attempt to seek relief under 28 U.S.C. § 2255 (§ 2255) prior to filing the Petition. In an apparent response to the Magistrate Judge's analysis in the Report, Petitioner states in his Memorandum he has now filed a § 2255 motion. Petitioner further argues his conviction was erroneous, and he implores the Court to grant his § 2255 motion. Petitioner asks the Court to wait to rule on his Petition until his §2255 motion has been addressed, and he requests all documents to which he is entitled.

Even when construed liberally and in the light most favorable to Petitioner, Petitioner's Memorandum fails to set forth any specific objections to the Report. Any meaningful counter to

the well-reasoned conclusions in the Report is absent.  The fact Petitioner filed a § 2255 motion after the Magistrate Judge issued the Report fails to negate the Magistrate Judge's analysis, for it is still true Petitioner had neglected to seek relief under § 2255 at the time he filed the Petition. The Court has reviewed the entire record out of an overabundance of caution, and it agrees with the well-reasoned conclusion of the Magistrate Judge that the Petition should be dismissed without prejudice.  Because the Court holds the Petition should be dismissed, it declines to stay this case until resolution of Petitioner's § 2255 motion.

Further, to the extent Petitioner requests free copies of documents in his Memorandum, Petitioner's request is denied.  Because the Court holds the Petition should be dismissed without prejudice for the reasons set forth in the Report, no documents are needed to decide an issue in this matter, and Petitioner is not entitled to free copies of documents.  *See Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 153 (4th Cir. 1972) (explaining "the state may constitutionally decline to furnish an indigent with a transcript until a need for it is shown").  If Petitioner wishes to receive copies of any documents, he may request them from the Clerk of Court at his own expense.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court the Petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondents to file a return. The Court notes Petitioner is free to refile a petition seeking habeas relief under 28 U.S.C. § 2241 at an appropriate time if he wishes to do so. **IT IS SO ORDERED.**

Signed this 10th day of May 2018 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.